**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| WILLIE JOHNSON III,<br><br>Plaintiff,<br><br>v.<br><br>DANITA AUSTIN JOHNSON, et al.,<br><br>Defendants. | Case No. 2:24-cv-01289-GMN-BNW<br><br>**REPORT AND RECOMMENDATION** |

On July 14, 2024, Plaintiff initiated this case. ECF No. 1. On July 19, 2024, the Court instructed Plaintiff to either complete an *in forma pauperis* ("IFP") application or pay the filing fee by August 19, 2024. ECF No. 3. To date, Plaintiff has failed to do so. As a result, the Court recommends that Plaintiff's case be dismissed without prejudice.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less-drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the Court to consider whether less-drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed without a complete IFP application or paid filing fee, the only alternative is to enter another order setting another deadline. The circumstances here do not indicate that Plaintiff needs additional time. Therefore, setting another deadline is not a meaningful alternative. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holding that dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED** that this action is **DISMISSED without prejudice** for failure to comply with the Court's deadline.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 27, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE